IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EZEKIEL I. TAYLOR, SR, #22049385, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-413-X-BK |
| WALMART CORPORATION, DEFENDANT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed below, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

It has come to the Court's attention that Plaintiff is no longer confined at the Dallas County Jail and has thus failed to inform the Court of his current address. On February 22 and 24, 2023, shortly after this action was filed, the Court twice notified Plaintiff of the requirement to keep the Court informed of his change of address or his case may be dismissed. *See* Doc. 2 (notifying Plaintiff of the responsibility to inform the court of any change of address); Doc. 6 at 2 (same). Then, on April 4, 2023, the Court issued a second deficiency order to give Plaintiff another opportunity to file a notice of address change or his case will be dismissed for want of prosecution. Doc. 9. The deadline for Plaintiff's response was April 18, 2023. Plaintiff has not responded to the second deficiency order, however. Nor has he sought an extension of time to do so. The last two orders were also returned as undeliverable, because, per online county

records, Plaintiff is no longer confined at the Dallas County Jail.  Doc. 10; Doc. 11.  Plaintiff has not updated his address as of the filing of this recommendation.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's order.  He has impliedly refused or declined to do so.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution.  *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on April 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).